**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN, ESQ. (SBN 248264)**
Email: elyman@cochranfirm.com
**TIMAIAH SMITH, ESQ. (SBN 333587)**
Email: tsmith@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MARTINEZ, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a municipal entity, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1.　**Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br><br>2.　**Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**<br><br>3.　**Negligence (Cal. Government Code §§ 815.2(a), 820(a))**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff ADRIAN MARTINEZ (hereinafter referred to as "Plaintiff") is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California.

4. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that the heretofore unknown Defendant DOE Sheriff Deputies are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, said DOE Sheriff Deputies were Sheriff Deputies employed by the Defendant COUNTY and the Los Angeles Sheriff's Department, and were acting under color of state law and in the course and scope of their employment with the COUNTY and the Los Angeles Sheriff's Department.

6. On or around February 20, 2022 a timely Claim for Damages was submitted to the City of Los Angeles, in substantial compliance with California Government Code § 910, et seq. At the time of the filing of this Complaint, said Claim has been denied.

7. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

2

responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

9. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10. This Complaint concerns an officer-involved use of force incident which occurred during the afternoon hours of Sunday, February 20, 2022 at or around the Pacific Coast Highway and Coastline Drive area of Malibu, California. On that date, Plaintiff was walking at or around the Pacific Coast Highway and Coastline Drive area of Malibu, California when several heretofore unknown Defendant DOE Sheriff Deputies, while acting under color of state law and in the course and scope of their employment with Defendant COUNTY and the Los Angeles Sheriff's Department, negligently assessed the circumstances presented to them, and confronted Plaintiff without having probable cause or reasonable suspicion to believe that Plaintiff had committed any crime, or would commit any crime in the future.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl.
Suite 1010
(323)435-8205

11.     Without warning, the Defendant DOE Sheriff Deputies proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably firing a less-lethal projectile round at the person of Plaintiff, shooting Plaintiff in the head area o and inflicting severe and traumatic injury to his person.  Following the incident, the involved officers denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence or injury to the Defendant DOE Sheriff Deputies who assaulted and battered him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

12.    Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by the Defendant DOE Sheriff Deputies, Plaintiff posed no reasonable or credible threat of violence or injury to the DOE Sheriff Deputies, nor to any other individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by the Defendant DOE Sheriff Deputies, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable law enforcement officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict bodily harm or death against any individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by the Defendant DOE Sheriff Deputies, Plaintiff was not actively resisting the involved officers or obstructing the officers in the performance of their duties, was not fleeing or attempting to flee from the involved officers, and was not undertaking any actions which would have led a reasonable law enforcement officer to believe that he posed the risk of violence or injury to any person.

///

///

///

# FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff ADRIAN MARTINEZ Against the Unknown Defendant DOE Sheriff Deputies for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

13. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

14. This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

15. Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, the Defendant COUNTY employed the individual Defendants named herein, including the heretofore unknown Defendant DOE Sheriff Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Sheriff Deputies, with official badges and identification cards which designated and described the bearers as employees of the COUNTY and the Los Angeles Sheriff's Department.

16. Plaintiff is informed, believes, and thereon alleges that at all times relevant to the acts and omissions herein alleged, the Defendant DOE Sheriff Deputies were employed by the Defendant COUNTY and the Los Angeles Sheriff's Department and were acting under color of state law and in the course and scope of their employment with the COUNTY and the Los Angeles Sheriff's Department.

17. Around the afternoon hours of Sunday, February 20, 2022 Plaintiff was walking at or around the Pacific Coast Highway and Coastline Drive area of Malibu, California, when Defendant DOE Sheriff Deputies, while acting under the color of state

law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted Plaintiff.

18. Without warning, the Defendant DOE Sheriff Deputies proceeded to assault and batter Plaintiff by acts which included, but were not limited to, unjustifiably firing a rubber bullet at the person of Plaintiff, shooting Plaintiff in the head area and inflicting severe and traumatic injury to his person. Following the incident, the involved officers denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence or injury to the Defendant DOE Sheriff Deputies who assaulted and battered him, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

19. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by the Defendant DOE Sheriff Deputies, Plaintiff posed no reasonable or credible threat of violence or injury to the DOE Sheriff Deputies, nor to any other individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by the Defendant DOE Sheriff Deputies, Plaintiff made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability, to inflict bodily harm or death against any individual. Both prior to and during the time in which Plaintiff was stopped, detained, and assaulted and battered by the Defendant DOE Sheriff Deputies, Plaintiff was not actively resisting the involved officers or obstructing the officers in the performance of their duties, was not fleeing or attempting to flee from the involved officers, and was not undertaking any actions which would have led a reasonable police officer to believe that he posed the risk of violence or injury to any person.

20. At all times mentioned herein, the Defendant DOE Sheriff Deputies acted

under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. The Defendant DOE Sheriff Deputies deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21. Plaintiff ADRIAN MARTINEZ had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Sheriff Deputies, which proximately caused severe injuries to Plaintiff, including, but not limited to, severe injuries to Plaintiff's head.

22. Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Sheriff Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the DOE Sheriff Deputies in an amount to be proven at the trial of this matter.

23. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the DOE Sheriff Deputies, Plaintiff was shot on February 20, 2022 and suffered severe and traumatic injuries which include, but are not limited to, head trauma from a less-lethal round traveling at a high velocity wound to his head, resulting in a right-sided large depressed frontal sphenoid temporal skull fracture with associated underlying subdural hematoma and brain contusion with intracerebral hemorrhage, a

brain compression and brain edema.

24. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

25. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff Deputies, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

26. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff Deputies, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

27. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff ADRIAN MARTINEZ Against All Defendants for Battery [Cal. Gov't Code §§ 815.2(a), 820(a); Cal. Civ. Code § 43])**

28. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

29. All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

30. Plaintiff is informed, believes, and thereupon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, the Defendant

31. Plaintiff is informed, believes, and thereupon alleges, that in assaulting and battering him, as described in the foregoing paragraphs of this Complaint, Defendant DOE Sheriff Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted wilfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE Sheriff Deputies in an amount to be proven at the trial of this matter.

34. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff's Deputies, Plaintiff was shot and suffered severe and traumatic injuries which include, but are not limited to, a gunshot wound to head, right-sided large depressed frontal sphenoid temporal skull fracture with associated underlying subdural hematoma and brain contusion with intracerebral hemorrhage, a brain compression and brain edema.

35. As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff's Deputies, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

36. As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff's Deputies, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Bl. Suite 1010
(323)435-8205

37. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Sheriff's Deputies, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

## FOR THE THIRD CAUSE OF ACTION

## (By Plaintiff ADRIAN MARTINEZ Against All Defendants for Negligence [Cal. Gov't Code §§ 815.2(a), 820(a)])

38. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

39. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY'S vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

40. Plaintiff is informed and believes, and thereupon alleges, that on and before the incident, the Defendant DOE Sheriff's Deputies had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, the Defendant DOE Sheriff's Deputies failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently striking Plaintiff in his head area with a less-lethal projectile round in contravention of accepted law enforcement protocols and departmental training, failing to determine the fact that Plaintiff posed no immediate threat of bodily injury or death to any person at the time that he was shot in the eye; negligently inflicting physical injury upon Plaintiff, as described

herein; negligently employing significant force against Plaintiff when the same was unnecessary and unlawful; negligently failing to utilize additional departmental resources during the detention of Plaintiff; negligently failing to utilize available forms of cover and concealment during the detention of Plaintiff; negligently failing to communicate and/or effectively communicate with departmental personnel on scene and other departmental personnel and resources during the detention of Plaintiff; negligently failing to utilize less intrusive force options and other alternatives less intrusive than deadly force during the detention of Plaintiff; negligently employing a tactical response during the detention of Plaintiff that resulted in the unnecessary and preventable shooting of Plaintiff with a less-lethal round in his head; and negligently employing deadly force against an individual in contravention of the policies of the Los Angeles Sheriff's Department. All of these negligent acts proximately caused Plaintiff's injuries, which include, but are not limited to, severe and traumatic head injuries.

41. As a direct and proximate result of the negligent acts and omissions of the Defendant DOE Sheriff's Deputies, and each of them, Plaintiff suffered severe and traumatic injuries which include, but are not limited to, a gunshot wound to his head resulting in traumatic brain injuries.

42. As a further direct and proximate result of the negligent acts and omissions of the Defendant DOE Sheriff's Deputies, and each of them, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.

43. As a further proximate result of the negligent acts and omissions of the Defendant DOE Sheriff's Deputies, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent and other medical services, treatment and care in an amount according to proof at trial.

44. Plaintiff is informed and believes, and thereupon alleges, that as a further proximate result of the negligent acts and omissions of the Defendant DOE Sheriff's Deputies, Plaintiff has lost earning capacity in an amount according to proof at trial, and will lose wages and earnings in the future in an amount according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages in an amount according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: January 16, 2023            Respectfully submitted,

                                                              **THE COCHRAN FIRM CALIFORNIA**

                                                              By: /s/ Brian T. Dunn
                                                              BRIAN T. DUNN
                                                              Attorneys for Plaintiff, ADRIAN MARTINEZ